UNITED STATES FEDERAL DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

JEFFREY THRALL, pro se, and on behalf of himself and with Standing
For all similarly situated employees (both, Past/Present/future) and, with
Standing on behalf of Commissioner EDWARD GARROW, Mediator,
of the Federal Mediation & Conciliation Service ("FMCS")

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JAN 09 2008
AT_____O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

CIVIL ACTION_____

PLAINTIFF,

vs.

JURY TRIAL DEMAND

5:08-CV-32
NPM/GHL

CENTRAL NEW YORK TRANSPORTATION AUTHORITY
("CNYRTA") EMPLOYEE'S: C.E.O., Frank KOBLISKI,
SENIOR V.P., John RENOCK; V.P., Joseph ("JOE") DEGRAY,
Richard ("RICK") LEE (V.P. Human Resources); Steve SHARE
(V.P. Finance) Gary NORDHEIM (Director Employee Relations);
Jackie MUSENGO (Benefits Manager); & Audrey TUCKER
(Light Duty Manager) and,

CNYRTA'S EXECUTIVE BOARD OF DIRECTORS &, CNYRTA'S
ATTORNEY CRAIG ATLAS, of the law firm: FERRARA, FIORENZA,
LARRISON, BARRETT & REITZ, P.C., and,

CNYRTA'S BOARD OF DIRECTORS FOR RETIREMENT COMMITTEE
AND/OR THE TRUSTEE(S) AND/OR "John DOE" ACTUARY OF CNYRTA'S
RETIREMENT PLAN FOR UNION EMPLOYEE OF CNYRTA,

-and-

AMALGAMATED TRANSIT UNION LOCAL 580, OF SYRACUSE,
OFFICERS C.E.O, Chuck WATSON, Dorothy HUNTER (former V.P.)
Bill MONTROSE (Union Steward); Mary NEUGENT (Recording Secretary);
Al PARKER (Former V.P); Mary JANE TORTICI (Union Steward) and
John CAMPBELL (Former Union President); Joseph WELCH,
INTERNATIONAL VICE PRESIDENT OF LOCAL 580, supra, and THE
INTERNATIONAL PRESIDENT, Warren GEORGE, and,

UNION LOCAL 580, ATTORNEYS: STEHANIE MINER (LAW FIRM OF
BLITMAN & KING) AND, ATTORNEYS: MIMI SATTLER AND
MATTHEW E. BERGERON (LAW FIRM OF SATTER & ANDREWS),

-and-

ONONDAGA NEW YORK SUPREME AND COUNTY COURTS CLERKS.:
PATRICIA J. NOLL, CHIEF CLERK, JAMES E. MAKOWIEC, DEPUTY CHIEF CLERK
AND MARY THOMASON, et. al.,

-and-

ATTORNEY

1

## INTRODUCTION JURISDICTION AND VENUE

FIRST: This is a civil action brought by an adult white male, JEFFREY THRALL ("Petitioner") against his former employer CNYRTA, and employee Union, Local 580, for terminating him, on January 9, 2002, unconstitutionally, via common law fraud, via actual fraud, fraudulent concealment and/or via employment contract fraud, all, in gross violation of both the Due Process of Law and Equal Protection Clauses of the fourteenth amendment of the United States Constitution and, too, in violation of New York State's common law fraud under § 213(8) of New York State's Civil Practice Law and Rules (C.P.L.R.) and, finally, but not limited to, the Defendants egregious violation of our New York State's Laws prohibiting Deceptive Business Practices, under the General Business Law, § 349(h).

SECOND: Because each and every Defendant herein, acting, individually and/or collectively, in their official and/or unofficial capacity, under color of state law, committed actual fraud on the Honorable Justices of the Onondaga County New York Supreme Courts and, committed same frauds on the Honorable Justices of the New York State Supreme Court Appellate Division (Fourth Department), via extrinsic fraud, intrinsic fraud, fraudulent acts, misrepresentation, fraudulent concealment, fraudulent misrepresentation, fraudulent misrepresentation, false statements, falsifying records, misrepresentation, filing false business records, and material misrepresentations, all, against a Federal Official (i.e. Commissioner Mr. Ed Garrow) and against the Petitioner, et. al., this civil rights action is also being brought in order to secure declaratory, injunctive and/or equitable relief as authorized by federal law based upon the fact that Defendant's frauds and/or cover-ups herein, all, ultimately and/or effectively caused an Onondaga County State Supreme Court Justice to arbitrarily and unconstitutionally deny Plaintiff (and he was denied) his guaranteed fundamental state and federal constitutional right to access to the state Courts to challenge his unlawful termination.

THIRD: and based upon the above, this civil action also arises under 42 U.S.C § 1983, which permits the institution of a Federal Civil Action for deprivation of rights, privileges, and/or immunities secured by the Constitution and laws of the United States where such deprivation occurs under color of any state statute, ordinance, regulation, custom or usage, under 28 U.S.C §§ 1331 and 1332(a); 1343(a)(1)(2)(3) and (4), which places original jurisdiction in the federal district court for civil actions commenced by any person to redress the deprivation of such rights (see, additional deprivations herein involving the above rights under U.S. Constitution Amendments: First (association rights, right to petition Defendants to redress grievances; freedom of speech/expression, peaceful assembly); Fifth (Due process) Eight (Conduct shocking to court's conscious); Ninth; Thirteenth (Black Codes); & Fourteenth; cf, U.S. Const. Art. I, § 10 (Law impairing the Obligation of Contracts); and, Title I of the Labor Management Recording Disclosure Act (LMRDA)

## COURT'S PENDENT JURISDICTION

Pendent Jurisdiction herein is based upon our New York State Constitution, Article 1, § 6 (Due process); Art. I, § 11 (Equal rights under the law); Art. I, § 17; New York States Civil Rights Law, § 40-c(1) and (2)

## THE PLAINTIFF

Plaintiff is a an adult white male, a born citizen of these United States of America and, a citizen of the State of New York and, by virtue of said status the entitlement to all rights, privileges and immunities, all, are now being called upon. Plaintiff, prior to his unlawful termination from his job of sixteen (16) years as a full time CNYRTA bus mechanic and welder, and before being unlawfully and selectively expelled from his Union while he was out of work due to disability, he was a member, in good standing, with Defendants Amalgamated Transit Union, Local 580, of Syracuse, New York.

## CENTRO DEFENDANTS

CNYRTA is a public authority and a public benefit corporation. Public Authorities Law § 1328(1). CNY Centro, Inc., Centro of Oswego, Inc., Centro of Cayuga, Inc., and Centro of Utica, Inc (collectively referred to as "CENTRO"), all, are public benefit subsidiary corporations of CNYRTA which directly employ bus mechanics and bus operators such as Plaintiff. Pursuant to the above, together with state and federal laws, and pursuant to the Collective Bargaining Agreement ("CBA" Contract) between CENTRO and the Union Defendants C.E.O., Frank KOBLISKI; Senior V.P., John RENOCK; V.P., Joseph ("JOE") DEGRAY; Human Resources V.P., Richard ("Rick") LEE; Employee Relations Director, Gary NORDHEIM; Benefits Manager, Jackie MUSENGO; and Light Duty Manager, Audrey TUCKER; all, in their individual and/or collective capacities work under the general direction of CENTRO's Executive Board of Directors and/or, all individually and/or collectively work under the Direction of C.E.O., Frank Kobliski. Each and every Defendants, due to their fiduciary relationship to Plaintiff and all other employees, and/or Union members, said Defendants, supra, are responsible for each employee's rights, privileges and/or terms and conditions of their employment as specifically mandated in CENTRO's CBA and, thus, all, are also responsible for the overall supervision, management, control, and/or enforcement of said CBA according to state and federal laws. Finally, each and every Defendant, supra, while acting individually and/or collectively, in his/her official and/or unofficial capacity, all, are responsible for assuring that each of them, while acting under

3

color of state law, thereby, effectively complies with all (i.e., that they do not violate any) state and federal laws found in the CBA, under its Conformity to law clauses and Non-discrimination clauses.

## UNION LOCAL 580 DEFENDANTS

C.E.O., Chuck WATSON, Dorothy HUNTER (former President and V.P.), Bill MONTROSE (Bus Mechanic's Steward), Mary NEUGENT (Former recording Secretary), Al PARKER (Former V.P), John CAMPBELL (former President), Mary Jane TORTICI (Steward), all, under New York State's Taylor Law and

## CENTRO'S AND THE UNIONS ATTORNEYS

Defendants: CENTRO's Attorneys and/or Union Local 580's Attorneys, all, as Officers of the Court, all, are sworn to uphold the laws of the constitution of these United States of America and the New York State Constitution and, as such, said attorneys are prohibited from engaging in any conduct whatsoever that may suggest that they knew and/or should have known and/or that their clients knew and/or should have known, and/or engaged fraud, fraudulent concealment, and/or a cover-up, prior to signing their individual sworn affidavits, all, previously submitted to the Honorable Justice Roy and, then, submitted to the Honorable Justices of the Supreme Court Appellate Division, Fourth Department, that said clients and/or attorneys then had committed, and/or compounded, a fraud, fraudulent concealment, and/or cover-up, against a federal mediator, and thus violated <u>Rule 11</u>, of the <u>Federal Rules of Civil Procedure</u> (FRCP).

### Factual allegations

That on or about January 9, 2002, Defendants knowingly, intentionally, intelligently, deliberately, willfully purposefully, maliciously, and in "bad faith" filed false, fraudulent, and misleading termination letter then claiming that Plaintiff then was being terminated due to absenteeism. Said actual fraud, and/or fraudulent concealment, was in gross violation of Defendants past practice in providing Plaintiff with fair, reasonable, and adequate notice of their "absentee control program" for "excessive absenteeism" as was provided to Plaintiff three (3) years earlier, by letter dated October 4, 1999,

Jeffrey Thrall,    28 U.S.C.A 1746          WIll AMEND IN FUTURE

Jeffrey Thrall pro se
4225 LAFAYETTE RD
JAMESVILLE N.Y. 13078          4