UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY THRALL,
          Plaintiff,

v.                                      5:08-CV-0032
                                      (NPM/GHL)
CENT. NEW YORK TRANSP. AUTH., *et al.*,
          Defendants.
_____

APPEARANCES:                         OF COUNSEL:

JEFFREY THRALL
  Plaintiff, *Pro Se*
4225 Lafayette Road
Jamesville, NY 13078

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

This *pro se* action for employment discrimination, commenced by Jeffrey Thrall ("Plaintiff"), has been referred to me by the Honorable Neal P. McCurn, Senior United States District Judge, to hear and determine all pretrial matters (of a non-dispositive nature) and issue report-recommendations on all dispositive matters before the Court, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.2 of the Local Rules of Practice for this Court.  On May 20, 2008, the Court was notified by Plaintiff that, despite being reminded of his duty to serve his Complaint and to participate in a Rule 16 scheduling conference upon penalty of dismissal, he has "chosen not to participate in a conference at this time, and not to serve a summons and complaint on [the defendants] . . . ."  (Dkt. No. 5, at 1.)  For the reasons set forth below, I recommend that Plaintiff's Complaint be dismissed for failure to diligently prosecute this action and/or failure to comply with an Order of the Court, under Fed. R. Civ. P. 41(b).

I.     DISCUSSION

Rule 41 of the Federal Rules of Civil Procedure permits the Court to *sua sponte* dismiss a proceeding for failure to prosecute and/or failure to comply with an Order of the Court. Fed. R. Civ. P. 41(b).[1] As a result, Rule 41(b) may be fairly characterized as providing for two independent grounds for dismissal: (1) a failure to prosecute the action, and (2) a failure to comply with the Federal Rules of Civil Procedure or any order of court.

A.     **Failure to Prosecute Action**

With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution.[2] The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute under Rule 41(b):

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.[3]

---

[1]     Fed. R. Civ. P. 41(b) (providing, in pertinent part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it"); *Saylor v. Bastedo*, 623 F.2d 230, 238-239 (2d Cir. 1980) (recognizing that, under the language of Rule 41[b], a district court retains the inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute) (citations omitted); *see also* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed.").

[2]     *See Merker v. Rice*, 649 F.2d 171, 173 (2d Cir. 1981).

[3]     *See Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (affirming Rule 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted].

As a general rule, no single one of these five factors is dispositive.[4]  However, I note that, with regard to the first factor, Rule 41.2 of the Local Rules of Practice for this Court provide that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a).

Here, I find that these five factors weigh decidedly in favor of dismissal.  With regard to the first factor, Plaintiff filed his Complaint on January 1, 2008 (Dkt. No. 1); he was ordered to serve that Complaint within sixty (60) days of the filing of the Complaint (Dkt. No. 3); he was ordered to participate in a Rule 16 scheduling conference on May 20, 2008 (Dkt. Nos. 3, 4); and he was ordered to complete the Civil Case Management Plan no later than ten (10) days prior to that conference (Dkt. No. 3).  As a result, I find that the duration of Plaintiff's failure to serve his Complaint is more than 130 days in length; the duration of his failure to complete the Civil Case Management Plan is more than 60 days in length; and the duration of his failure to participate in a Rule 16 conference is more than 50 days in length.[5]

With regard to the second factor, I find that Plaintiff has received adequate notice that further delays would result in dismissal.  For example, on January 9, 2008, the Court sent to Plaintiff a copy of the Northern District's *Pro Se* Handbook, page 43 of which informed him of

---

[4]  *See Nita v. Conn. Dep't of Env. Protection*, 16 F.3d 482 (2d Cir. 1994).

[5]  I note that Local Rule 41.2 of the Local Rules of Practice for this Court provides that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a).  I note also that recently the Second Circuit affirmed the dismissal of a *pro se* action for failure to prosecute where the failure was for seven months. *Ruzsa v. Rubenstein & Sendy Attys at Law*, No. 07-0089, 2008 WL 706693, at *1 (2d Cir. March 17, 2008) (dismissing action, in part because of plaintiff's seven-month delay during prosecution of action).

the consequences of failing to prosecute his case. (Dkt. No. 2.) Moreover, on April 29, 2008, the Court sent to Plaintiff a letter stating, in pertinent part, "The conference is essential to the progress of your case and failure to participate may result in dismissal." (Dkt. No. 4.) I note that, in his letter to the Court of May 20, 2008, Plaintiff stated, "I realize what [effect] a dismissal may ultimately have on my case . . . ." (Dkt. No. 5, at 2.)

With regard to the third factor, I find that Defendants appear to be likely to be prejudiced by further delay. Further delay by Plaintiff may result in the fading of memories, the discarding of relevant documents, and the retirement or transfer of witnesses.[6]

With regard to the fourth factor, I find that the Court has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard. I am fully aware of Plaintiff's right to be heard on the *pro se* civil rights claims he has presented. However, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court (whose docket is congested) and unfairly tipping the scales of justice against Defendants.

Finally, with regard to the fifth factor, I have considered all less-drastic sanctions and rejected them under the circumstances. For example, I am persuaded that simply admonishing Plaintiff and waiting another month or so for Plaintiff to serve his Complaint and communicate to the Court his willingness to participate in a Rule 16 conference would also be futile, given his statements in his letter to the Court of May 20, 2008. (Dkt. No. 5.)

---

[6] *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

For all of these reasons, I recommend that the Court dismiss Plaintiff's Complaint for failure to diligently prosecute this action under Fed. R. Civ. P. 41(b).

### B.     Failure to Comply with Order of Court

In the alternative, I find that Plaintiff's failure to comply with this Court's Order of January 9, 2008 (Dkt. No. 2) constitutes another, independent ground on which to base my recommendation of dismissal.[7]

The legal standard governing such a dismissal is virtually identical to the legal standard governing a dismissal for failure to prosecute.[8] In the interest of brevity, I will not discuss in detail my balancing of the five factors comprising that legal standard. I will merely explain that my balancing of these five factors mirrors my balancing of the five factors discussed above in Part I.A. of this Report-Recommendation.

I would add only that Plaintiff's claims against Defendants may be dismissed on the ground that he has also violated Fed. R. Civ. P. 4(m), because he has not offered "good cause" for his failure to enable the Marshals Service to effect service on Defendants. Finally, I note that, under Fed. R. Civ. P. 4(m) and 16(f), the Court need not issue such an order only upon motion of defense counsel but may do so *sua sponte*. *See* Fed. R. Civ. 4(m) ("[T]he Court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to

---

[7] Fed. R. Civ. P. 41(b) (providing that the plaintiff's failure "to comply with . . . a court order" may subject an action to dismissal); *see also* Fed. R. Civ. P. 16(f) ("If a party . . . fails to obey a scheduling or pretrial order . . . the judge, upon motion or in the judge's own initiative, may make such orders with regard thereto as are just . . . .").

[8] *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) [citations omitted].

that defendant or direct that service be effected within a specified time.").[9]

For all of these reasons, I recommend that, in the alternative, the Court dismiss Plaintiff's Complaint for failure to comply with an Order of the Court, under Fed. R. Civ. P. 41(b).

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** for failure to diligently prosecute this action and/or failure to comply with an Order of the Court, under Fed. R. Civ. P. 41(b).

**ANY OBJECTIONS to this Report-Recommendation must be filed with the Clerk of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS from the date of this Report-Recommendation (unless the third calendar day is a legal holiday, in which case add a fourth calendar day).** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ADVISED that the District Court, on** *de novo* **review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.**[10]

---

[9] In the event the Court were to base its dismissal of Plaintiff's claims against the John Doe Defendants on Fed. R. Civ. P. 4(m), this Report-Recommendation would serve as the requisite notice to Plaintiff.

[10] *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18 n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation

**BE ALSO ADVISED** that the failure to file timely objections to this Report-Recommendation will **PRECLUDE LATER APPELLATE REVIEW** of any Order of judgment that will be entered.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: July 15, 2008
      Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge

---

omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] . . . Respondent has waived procedural default . . . objection[].") [citations omitted]; *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].