UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK



JEFFREY THRALL,
                             Plaintiff

v.                                                                             5:08-CV-32

CENTRO N.Y. TRANSPORTATION AUTHORITY, et.al.

                             Defendants

Dear Honorable Justice,

This is an appeal, pursuant to § 72.1(b)(1)(2)(c) of the Local Rules of the Court, appealing each and every part of the United States Magistrate Judge, Honorable Mr. George H. Lowe's Report-Recommendation, dated July 15, 2008, recommending that "Plaintiff's Complaint (Dkt. No 1) be <u>DISMISSED</u> for failure to diligently prosecute this action and/or failure to comply with an Order of the Court, under Fed. R. Civ. P.41(b)." Plaintiff, in accordance with L.R. 7.1(b)(2), asks that each and every Defendant(s) claiming prejudiced in these matters, that said Defendants be ordered to file opposition papers to this appeal, all, without Plaintiff having to serve Notice of this Appeal on said Defendants, since each and every Defendant, according to the Court's REPORT-RECOMMENDATION, dated July 15, 2008, are "likely to be prejudiced by further delay. Further delay by Plaintiff may result in the fading of memories, the discarding of relevant documents, and the retirement or transfer of witness."

That the Court's order be made in the Interest of Justice, Fairness, and/or via Due Process to all parties, since each and every Defendant, accept the Plaintiff, must have received a copy of the CIVIL CASE MANAGEMENT PLAN "ORDER" (<u>see</u> attached Exhibit "A") and thus then consented to the May 20, 2008, FRCP <u>Rule 16</u> conference, and/or too appeared at said conference, all, without any Defendant ever having been served with a copy of Plaintiff's Complaint and/or summons in these matters.

Plaintiff, additionally, asks that the Court clerk fix the return date in this case to be August\_\_\_\_, 2008, in the forenoon of that day and, Plaintiff observes that the Court will decide all appeals on submission of the papers without oral argument and, that the opposing party may file and serve its response to the objections with ten (10) days after being served with a copy of the objections.

1

**NOTE:** On June 6, 2008, (i.e., almost 6, months after Plaintiff filed his Complaint on January 2, 2008) it was then that Plaintiff first obtained from the Clerks Office, an actual copy of the Court's Order shown in Exhibit "A,".

On the above date, Plaintiff had appeared at the Clerk's office to pay Four Hundred and Fifty Five Dollars ($455.00) for a former co-worker's similar Civil Rights case (for appeal) to the U.S. Court of Appeals, Second Circuit (to which he has standing, under FRCP Rule 19 and Rule, 20, and/or standing due to the identical question in his case, all, to be presented to the Second Circuit U.S. Court of Appeals concerning N.Y. State's laws, and/or the Federal law, on statute of limitation on Civil Rights cases alleging fraud, and/or employment contracts, under the federal courts pendent jurisdiction, under New York State's Civil Practice Law and Rules, C.P.L.R. § 213(8).

Finally, it was during this time that Plaintiff first (via monetary payments) obtained the above Exhibit A, the Court's actual Court Order, among other documents, wherein it reads, in support of Plaintiff's within request for a Court Order demanding that the Defendants answer in these matters:

> **IT IS HEREBY ORDERED that,** pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case by telephone before the Honorable GEORGE H LOWE, United States Magistrate Judge on **5/20/08, at 11:30 AM.**
>
> Counsel for all parties or individuals appearing pro se in the above-caption are directed to confer with Fed. R. Civ 26(f) with respect to all the agenda items listed below . . .".

In sum, and just based upon all the above, and the cases citied at the close of this appeal, Plaintiff hereby respectfully, asks and prays that this prestigious District Court, all, pursuant to my state and federal constitutional rights, privileges and/or immunities and/or, all, in the interest of preserving judicial economy, and preserving the court's resources (time and effort in these matters), tax-payers money and/or having the Defendants reargue to the District Courts their same baseless and/or false and/or fraudulent argument concerning N.Y. State's and/or the Federal Court's Statute of Limitation on fraud and/or contracts in my case, as not being six (6) years (as was previously and/or fraudulently argued in another civil rights case # Civ. N0>: 07-CV-1100), that this prestigious Court, hereby, order that I be joined in the aforementioned case, all, pursuant to FRCP Rule 19, and/or Rule, 20; and/or alternatively, that the Court stay its final decision, determination, and/or final Order in these matters, demanding that, I, the

Plaintiff, within thirty (30) days or more, file and serve a complaint and summons on each and every Defendant;

Finally, That the Court hereby stay, and/or do, all the above *after* the Honorable Justices of the Court of Appeal's, Second Circuit, render its final decision and determination in the up-coming appellate case of Yusuf J. Nuraldin, pro se, et. al., v. The Central New York (CENTRO) Regional Transportation Authority Defendants, Robert Colucci, et. al. (Civ. No.: 07-CV-1108

CASES CITED:

Robinson v. Hallenbeck, 81 F.3d 1, p.2 (1st Cir. 1996)
Best v Kelly, 39 F.3d. 328, 329 (D.C. Cir. 1994)
In re Torcise, 116 F.3d 860, 865-66 (11 Cir. 1997)
Tapscott . MS Dealer Service Corporation, 77 F.3d 1353, 1360 (11th Cir. 1996)

Dated.: July 31, 2008

Respectfully Submitted,

*[signature]*

Jeffrey Thrall, pro se,
4225 LaFayette Road
Jamesville, N.Y. 13078

3

```
Court Name: NYN District Court-Syracuse
Division: 5
Receipt Number: SYR016146
Cashier ID: jbleskos
Transaction Date: 06/06/2008
Payer Name: Jeffrey A. Thrall

NOTICE OF APPEAL/DOCKETING FEE
 For: Jeffrey A. Thrall
 Case/Party: D-NYN-5-07-CV-001109-001
 Amount:         $455.00
ELECTRONIC PRINTING FEE
 For: Jeffrey A. Thrall
 Case/Party: D-NYN-5-08-CV-000032-001
 Amount:         $5.20

CREDIT CARD
 Amt Tendered:  $455.00
CREDIT CARD
 Amt Tendered:  $5.20

Total Due:      $460.20
Total Tendered: $460.20
Change Amt:     $0.00


A fee of $45.00 will be charged on
all returned checks.
```



# CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**Thrall**

                                                                                     No. **08-CV-32, NPM/GHL**

VS

**Central New York**
**Transportation Authority et**
**al**

---

**IT IS HEREBY ORDERED that,** Pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case by telephone before the Honorable GEORGE H. LOWE, United States Magistrate Judge on **5/20/08, at 11:30 AM**.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting or not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the _____ day of _____, _____.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the _____ day of _____, _____.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the _____ day of _____, _____. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the _____ day of _____, _____. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

Form Date - 06/13/2007



Page 1

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the _____ day of _____, _____. It is anticipated that the trial will take approximately _____ days to complete. The parties request that the trial be held in _____, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:** _____(YES) / _____(NO).

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**
_____
_____
_____
_____

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**
_____
_____
_____

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**
_____
_____
_____

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**
_____
_____
_____

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**
_____
_____
_____

12) **DISCOVERY PLAN:**

    A.   **Mandatory Disclosures**

    The parties will exchange the mandatory disclosures required under Rule 26(a)(I) on or before

    _____

    B.   **Subjects of Disclosure**

    The parties jointly agree that discovery will be needed to address the following subjects:

    _____

    _____

    _____

    C.   **Discovery Sequence**

    Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

    _____

    _____

    _____

    D.   **Written Discovery**

    Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

    _____

    _____

    _____

### E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

_____

_____

_____

### F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

_____

_____

_____

### G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

_____

_____

_____

H.   **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26©, describe the basis for the request and nature of the proposed protective order.

_____

_____

_____

I.   **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

_____

_____

_____

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

_____

_____

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

_____

_____

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

_____

_____

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT?** Please circle below the prospect for settlement:

1-----2-----3-----4-----5-----6-----7-----8-----9-----10
(VERY UNLIKELY)➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ (LIKELY)

CANNOT BE EVALUATED PRIOR TO _____(DATE)

Page 5

## HOW CAN SETTLEMENT EFFORTS BE ASSISTED?

_____

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

***COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.***

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

       _____    ARBITRATION

       _____    MEDIATION

       _____    EARLY NEUTRAL EVALUATION

*********************************************************************

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on _____ at _____ and was attended by:
                                                                    (Date)                        (Place)

_____ for plaintiff(s)

_____ for defendant(s)_____
                                                                                                                          (party name)

_____ for defendant(s)_____
                                                                                                                          (party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.***

Case Management Plan
Form Date - 06/13/2007

# CASE ASSIGNMENT FORM

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

**CIVIL ACTION NUMBER**   08-CV-32, NPM/GHL

ALL CORRESPONDENCE AND FILINGS SHOULD BEAR THE INITIALS OF THE ASSIGNED JUDGE AND MAGISTRATE JUDGE IMMEDIATELY FOLLOWING THE CIVIL ACTION NUMBER.
(*IE: CIVIL ACTION NO 5:02-CV-0123, FJS-GJD*)

DOCUMENTS SHOULD BE FILED IN ACCORDANCE WITH GENERAL ORDER #22.

ACTION ASSIGNED TO THE JUDGE AND MAGISTRATE JUDGE CHECKED BELOW:

|   |   | **INITIALS** |
|---|---|---|
| __X__ | SENIOR JUDGE NEAL P. McCURN | (NPM) |
| __X__ | MAGISTRATE JUDGE GEORGE H. LOWE | (GHL) |

### PRO SE LITIGANTS:
### SEND ALL ORIGINAL PAPERS TO THE CLERK'S OFFICE LISTED BELOW:

Clerk, U.S. District Court
Federal Building & Courthouse
P.O. Box 7367
Syracuse NY 13261-7367

**All papers filed with the Court must conform to Local Rule 10.1**

## ~ COUNSEL ~

## ALL DOCUMENTS SHALL BE FILED ELECTRONICALLY
## ON THE COURT'S CM/ECF SYSTEM

## PLEASE REFER TO GENERAL ORDER #22
## FOR PROCEDURES FOR FILING DOCUMENTS ELECTRONICALLY

ALL **NON-DISPOSITIVE** MOTIONS ARE TO BE MADE RETURNABLE ON A SUBMIT BASIS BEFORE THE ASSIGNED **MAGISTRATE JUDGE**. *PLEASE REFER TO LOCAL RULE 7.1(B)1.* **ALL MOTIONS FILED AND MADE RETURNABLE BEFORE MAGISTRATE JUDGES WILL BE TAKEN ON A SUBMIT BASIS UNLESS:** THE PARTIES REQUEST ORAL ARGUMENT AND/OR THE COURT DIRECTS THE PARTIES TO APPEAR FOR ORAL ARGUMENTS, PROVIDED, HOWEVER, THAT MAGISTRATE JUDGE DAVID E. PEEBLES REQUIRES ORAL ARGUMENT ON ALL MOTIONS UNLESS THE COURT DIRECTS OTHERWISE.

SENIOR JUDGE McCURN AND SENIOR JUDGE MUNSON WILL NOT HAVE REGULAR MOTION DAYS DURING THE MONTH OF AUGUST. MOTIONS MAY NOT BE FILED WITHOUT PRIOR APPROVAL OF THE COURT DURING THESE PERIODS.

For more specific schedules please visit our website at:
**www.nynd.uscourts.gov**

## MONTHLY MOTION SCHEDULES

| **SENIOR JUDGE NEAL P. McCURN**<br>10:00 A.M. - 2ND AND 4TH TUESDAYS OF EACH MONTH AT SYRACUSE.<br>11:00 A.M. - 1ST TUESDAY OF EACH MONTH AT ALBANY.<br>No oral argument on scheduled motion return date, unless Judge McCurn's chambers sua sponte directs or grants the request of any party for oral argument. | **MAGISTRATE JUDGE GEORGE H. LOWE**<br>10:00 A.M.- 1ST AND 3RD THURSDAY OF EACH MONTH AT SYRACUSE. No oral argument on scheduled motion return date unless Judge Lowe's chambers directs counsel to appear, sua sponte, or at the request of a party. |
|---|---|

# CONSENT TO THE EXERCISE
# OF CIVIL JURISDICTION BY A MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. Section 636©, you are hereby notified that the United States Magistrate Judges of this district court, in addition to their other duties, may, upon consent of all the parties in a civil case, conduct any or all proceedings in the case, including a jury or non jury trial, and order the entry of a final judgment.

You should be aware that your decision to consent to the referral of your case to a United States Magistrate Judge for disposition is entirely voluntary and should be indicated by counsel endorsing the attached consent form for the plaintiff(s) and defendant(s). If the form is executed by all counsel for the parties (or by the parties if appearing pro se), it should be communicated solely to the clerk of the district court. ONLY if all the parties to the case consent to the reference to a magistrate judge will either the judge or magistrate judge to whom the case has been assigned be informed of your decision.

Your opportunity to have your case disposed of by a magistrate judge is subject to the calendar requirements of the court. Accordingly, the district judge to whom your case is assigned must approve the reference of the case to a magistrate judge for disposition.

In accordance with 28 U.S.C. Section 636© (3), an appeal from a judgment entered by a magistrate judge will be taken to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court. See Also L.R. 72.2(b)(5).

Copies of the consent form are available in any office of the clerk of the court and on the court webpage at www.nynd.uscourts.gov

**\*\*ATTACHED FOR YOUR CONSIDERATION IS A BLANK CONSENT FORM\*\***

# UNITED STATES DISTRICT COURT
## Northern District of New York

| | |
|---|---|
| **Thrall** | NOTICE, CONSENT, AND ORDER OF REFERENCE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE |
| VS | Case Number: **08-CV-32, NPM/GHL** |
| Central New York Transportation Authority et al | |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636©, and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C.§636© and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to **GEORGE H. LOWE** United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636© and Fed. R. Civ. P. 73.

| Date | United States District Judge |
|---|---|

NOTE: RETURN THIS FOR TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

ADR NOTICE TO LITIGANTS

THIS NOTICE SHOULD BE SERVERD WITH THE GENERAL ORDER 25 FILING PACKET, ALONG WITH THE SUMMONS AND COMPLAINT ON THE DEFENDANTS.

This action has been identified for tracking in the court-annexed Alternative Dispute Resolution Program (ADR).

Designated Nature of Suite Codes in Contract, Tort and Non-Prisoner Civil Rights Cases as follows:

<u>Contract</u>
110-140, 160-195

<u>Torts</u>
310-385

<u>Non-Prisoner Civil Rights</u>
440-444

Parties must confer <u>prior to the status conference</u> in order to:

1. Complete the proposed case management plan:
2. Select an ADR program;
3. File the proposed plan at least 10 days before the conference.

During the conference, the Magistrate Judge will discuss the case management plan, ADR programs and assist the parties in their selection.

LAWRENCE K. BAERMAN, CLERK

By: April Hudson, ADR Administrator
(315)234-8558

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF NEW YORK

# NOTICE

### THE ATTACHED FILING ORDER IS A TIME SENSITIVE DOCUMENT

This filing order is to be served on all parties to the action along with the complaint or petition for removal within **sixty (60) days** of filing this action.

The attached Civil Case Management Plan must be completed and filed with the clerk no later than **ten (10) days** prior to the conference date referenced below.

CONFERENCE DATE/TIME: **5/20/08, at 11:30 AM**

CONFERENCE LOCATION: All conferences are conducted by telephone. Plaintiff's attorney will initiate the call using AT&T or other teleconferencing service and call Judge Lowe's chambers at 315-234-8618, a dedicated conference line which is not to be used for other purposes. Pro-se plaintiffs will provide the court with a telephone number for use in placing the conference call.

BEFORE MAGISTRATE JUDGE: **GEORGE H. LOWE**

CONTENTS:

- General Order #25 (Filing Order)
- Case Management Plan (Attachment B)
- Case Assignment/Motion Schedules and Filing Locations (Attachment C)
- Consent Form to Proceed before U.S. Magistrate Judge (Attachment D)

**NOTE: IF THIS IS A QUALIFYING CONTRACT, TORT OR NON-PRISONER CIVIL RIGHTS CASE IT WILL BE DIVERTED INTO THE DISTRICT'S NON-BINDING ALTERNATIVE DISPUTE RESOLUTION PROGRAM (ADR) FOR Arbitration, Mediation or Early Neutral Evaluation. The Clerk will indicate the appropriate track based on the Nature of Suit.**

_____

                                        __X__ ADR Track

_____

Form Date - 06/13/2007

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF NEW YORK

### GENERAL ORDER #25

### I. PURPOSE

It is the policy of this court to help litigants resolve their civil disputes in a just, timely and cost-effective manner. To that end, this court has adopted an Expense and Delay Reduction Plan in accordance with the Civil Justice Reform Act of 1990. This will tailor the level of individualized case management needs to such criteria as case complexity, and the amount of time reasonably needed to prepare the case for trial.

### II. SCOPE

This order applies to all civil cases filed in this court except: multi-district litigation, cases remanded from the appellate court, reinstated and reopened cases, and cases in the following nature of suit categories indicated on the civil cover sheet: Prisoner Petitions(510-550), Forfeiture/Penalty (610-690), Bankruptcy (422-423), Social Security (861-865) Contracts (only nos. 150: Recovery of Overpayment and Enforcement of Judgment 151: Medicare Act, 152: Recovery of Defaulted Student Loans, 153: Recovery of Overpayment of Veteran's Benefits, and other contract actions which involve the collection of debts owed to the United States), Real Property (only no. 220: Foreclosure, and other Statutes (only no. 900: Appeal of Fee Determination Under Equal Access to Justice).

*Note - When the Court deems it appropriate, Rule 16 Scheduling Conferences will be held in the above excepted actions.

The Court has adopted the guidelines of civility as outlined in the New York State Bar Association Guidelines on Civility in Litigation, a copy of which is available on the courts web-site at www.nynd.uscourts.gov.

### III. SERVICE

**A. Timing:**
When serving a Complaint or Notice of Removal, the filing party shall serve on all other parties a copy of this General Order and the attached materials. Service of process should be completed within **Sixty (60)** days from the initial filing date. This expedited service is necessary to fulfill the dictates of the Civil Justice Reform Act Expense and Delay Reduction Plan of this court and to ensure adequate time for pretrial discovery and motion practice. However, in no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4, or any other Rule or Statute which may govern service of process in a given action.

**B. Filing Proof(s) of Service:**
Proof(s) of service of process are to be filed with the clerk's office no later than five (5) days after service of the complaint or notice of removal with a copy of this General Order.

**C. Non Compliance with Sixty (60) Day Service Requirement:**
In the event that the filing party cannot comply with the Sixty (60) day service requirement, that party shall immediately notify the assigned Magistrate Judge and request an adjournment of the initial Rule 16 case management conference date contained in the attached Civil Case Management Plan.

If an adjournment of the conference date is granted, it shall be the responsibility of the filing party to notify all parties to the action of the new date, time and location for the case management conference. Proof of service of such notice shall then be immediately filed with the clerk's office.

Page 1

## IV. ADDITIONAL PARTIES

Any party who, after the filing of the original complaint or notice of removal, causes a new party to be joined in the action shall promptly serve on that new party a copy of General Order 25 along with any additional Uniform Pretrial Scheduling Order that has been entered by the court.

## V. REMOVED CASES

In cases removed to this court from a state court, the removing defendant(s) shall serve on the plaintiff(s) and all other parties, at the time of service of the notice of removal, a copy of this General Order with the attached materials. The filing of a motion for remand does not relieve the moving party of any obligation under this General Order unless the assigned judge or magistrate judge specifically grants such relief.

## VI. TRANSFERRED CASES

The clerk shall serve a copy of this General Order on all parties that have appeared in any action transferred to this district. The clerk shall set a return date for the initial Rule 16 case management conference on the form attached to the General Order. It shall be the obligation of the plaintiff or plaintiff's counsel to arrange for completion of the attached Case Management Plan and to file the Plan with the clerk and to serve this General Order upon any party who had not appeared in the action at the time of transfer.

Attorneys appearing in transferred cases are reminded of their obligation to be properly admitted to this district in accordance with Local Rule 83.1.

## VII. MATERIALS INCLUDED WITH THIS GENERAL ORDER PACKET

A) Notice of Initial Rule 16 Case Management Conference
B) Civil Case Management Plan
C) Case Assignment Form
D) Notice and Consent Form to Exercise of Jurisdiction by a United States Magistrate Judge

## VIII. ADR PROGRAMS

It is the mission of this court to do everything it can to help parties resolve their disputes as fairly, quickly, and efficiently as possible. We offer a wide selection of non-binding alternative dispute resolution (ADR) options - each of which provides different kinds of services so that parties can use the procedure that best fits the particular circumstances of their case. Selected Contract, Tort and non-prisoner Civil Rights cases will be diverted into Court-Annexed non-binding Arbitration, Mediation or Early Neutral Evaluation. The Northern District of New York alternative dispute resolution programs are governed by Local Rules 83.7 (Arbitration), 83.11-1, (Mediation), and 83.12-1 (Early Neutral Evaluation). The parties are encouraged to discuss the ADR alternatives in advance of the Rule 16 Pretrial Conference. At the Rule 16 Pretrial Conference, the assigned Magistrate Judge or District Court Judge will assist the parties in the selection of an appropriate ADR alternative.

In addition to Arbitration, Mediation and Early Neutral Evaluation, the court also offers the following ADR processes:

### A) Settlement Conferences:

The parties are advised that the court will honor a request for a settlement conference at *any* stage of the proceeding. A representative of the parties with the authority to bind the parties must be present with counsel or available by telephone at any settlement conference.

### B) Consent to Jury or Court Trial Before A United States Magistrate Judge:

By written stipulation, the parties to any civil action may elect to have a magistrate judge (instead of the assigned Article III judge) conduct all proceedings in any civil case, including presiding over a jury or bench trial. A trial before a magistrate judge is governed by the same procedural and evidentiary rules as trial before a district judge. The right to appeal is automatically preserved to the United States Court of Appeals under the same standards which govern appeals from an Article III judge. Parties often consent to resolution of their civil disputes by magistrate judge bench or jury trial because magistrate judges have less crowded calendars.

## IX. DISCOVERY

**A. Discovery Motions:** Prior to bringing a discovery dispute to a Magistrate Judge, the parties must confer in good faith in accordance with the provisions of Local Rule 7.1(d). In addition, no non-dispostive or discovery motions should be presented to the Court unless authorized by the Magistrate Judge after communication with the Magistrate Judges' chambers.

**B. Filing Discovery:** Parties are directed <u>not</u> to file discovery material unless it is being filed in accordance with Local Rule 26.2.

For additional information on local requirements related to depositions and discovery please refer to Section V. of the Local Rules of this court.

## X. MOTIONS

**A. Motion Return Dates:** Please refer to the attached case assignment form for a complete listing of the motion return dates for the judges and magistrate judges of this court.

For additional information on local requirements related to motion practice, please refer to Local Rule 7.1.

## XI. CASE MANAGEMENT CONFERENCE

Except in actions exempted under Section II of this order, or when otherwise ordered by the court, the parties shall as soon as practicable, meet to jointly address each item contained in the attached Case Management Plan packet. The completed plan is to be filed with the clerk not later than **ten (10) days** prior to the conference date. The NOTICE setting the date, time, and location for the initial Rule 16 conference with the court is included as part of this filing order.

The Civil Justice Reform Act Plan of this court requires the court to set "early, firm" trial dates, such that the trial is scheduled to occur within eighteen (18) months after the filing of the complaint, unless a judicial officer certifies that (I) the demands of the case and its complexity make such a trial date incompatible with serving the ends of justice; or (II) the trial cannot reasonably be held within such time because of the complexity of the case or the number or complexity of pending criminal cases.

## XII. ELECTRONIC FILING

As of January 1, 2004, all documents submitted for filing by attorneys admitted to practice in the Northern District of New York shall be filed electronically using the CM/ECF system. Refer to General Order #22 for procedures for filing documents electronically. Attorneys must be registered for both PACER and CM/ECF. Consult the CM/ECF section of the courts web-site at www.nynd.uscourts.gov for PACER registration, CM/ECF registration, CM/ECF training dates, and General Order #22.

**REVISED GENERAL ORDER #25**
**Dated: June 13, 2007**

_s/_
_____
**Hon. Norman A. Mordue.**
**Chief U.S. District Judge**

G-25.ord - FRM Date: 06/13/07

The 3/30/95 revision clarifies the time frame for filing the case management plan. The revision also includes a provision for issuing G-25 orders on excepted actions when the court deems it appropriate to schedule a Rule 16 conference.

The 3/26/97 revision expands the scope of ADR programs offered by the Northern District of New York and removes the reference to General Order #41 which was incorporated into Local Rule 7.1(b)1 on January 1, 1997.

The 11/30/00 revision allows for the inclusion of non-prisoner civil rights cases in the ADR program.

The 04/01/02 revision modifies Section IX - Discovery motions.

The 06/18/04 revision adds Section XII - Electronic Filing.

The 06/13/2007 revision includes a modification to the civil case management plan document attached to this General Order - in re: Electronic Discovery.

Page 4